KIRK, Respondent, v. THOMPSON, Appellant.

(167 N. W. 399.)

(File No. 4286.   Opinion filed May 1, 1918.)

1. Evidence—Recovery for Well Digging—Unknowingly Dealing With Defendant's Agent, Counterclaim of His Note, Competency of Note—Erroneous Instruction—Statute.

In a suit to recover for digging a well for defendant, plain-

tiff's theory upon trial being that one S. was acting as defendant's agent, who was principal in the transaction, defendant's answer alleging, first, that S. was in fact the principal, and second, that defendant was the principal and that plaintiff dealt with S. without knowing or having reason to believe that he was acting as defendant's agent, or that defendant was the undisclosed principal under Civ. Code, Sec. 1691, providing in effect that one may set off against any claim of the principal arising out of such transaction, claims he might have set off against the agent before notice of agency, held, that under said statute, the question whether defendant was entitled to counterclaim a note he held against S., depended upon whether defendant dealt with S. without knowing or having reason to believe that he was acting as defendant's agent; and an instruction in effect that if jury found that the contract for the work was between defendant and S., plaintiff could not recover, but that if they found that the contract was with plaintiff, or that defendant was informed that plaintiff was owner of the well drilling outfit and was the one who would collect for the work, and that the work was done with that knowledge and understanding, plaintiff could recover, was erroneous; that, there being direct conflict in the evidence upon this question of fact, the evidence should have been submitted to jury, and a refusal of such instruction, if requested, would have been prejudicial error; that the note should have been received in evidence as a counterclaim. Held, further, that upon the issue which should have been thus submitted, said note as offered evidence would have been competent, and its rejection was prejudicial error requiring reversal, unless appellant's failure to request an instruction was waiver of error.

2. Appeals—Error—Instruction on Issue, Failure to Request Instruction, Waiver By.

Error in failing to instruct jury upon a particular issue is waived by failure to request additional instructions.

3. Trials—Competent—Material Evidence, Rejection of, Waiver, By Non-request of Instructions—No Exception, Effect.

Error in rejection of competent evidence upon a material issue is not waived by failure to request instructions submitting such issue to jury, nor by failure to except to instructions given.

Appeal from Circuit Court, Charles Mix County. Hon. Robert B. Tripp, Judge.

Action by Charles Kirk, against E. F. Thompson, to recover upon a contract for digging a well; defendant counterclaiming.

From an order denying a new trial, defendant appeals.   Reversed.

P. A. Hosford, for Appellant.

J. C. Worth, and J. C. Tipton, for Respondent.

(1)   To point one of the opinion, Appellant cited: Eldridge v. Finnegar, 105, Pac. 334; Hook, et al v. Crowe, 100 Maine, 399; Gardner v. Allen, 41 A. M. Dec. 45, and notes cited; Mechem on Agy., Sec. 773.

Respondent cited:   Mechem on Agy., Sec. 774, and cases cited:

SMITH, J.   Appeal from an order overruling defendant's motion for a new trial. Plaintiff, Kirk, brought the action to recover upon a contract for digging a well. The performance of the contract and the amount due thereon were admitted. By way of counterclaim defendant, Thompson, alleged that the contract was made with one Summerville and not with plaintiff, Kirk; that at the time of entering into the contract defendant held and was the owner of a note for $60 executed by Summerville to one Thompson; and that he entered into the well contract to obtain payment of the amount due on the note. The defendant pleaded the note as a counterclaim, and by his answer tendered in court the difference between the amount due under the contract and the amount due on the note, and offered to pay costs up to the time of filing the answer. The reply denied the allegations of the counterclaim.

It appears from the evidence in the record, that some months prior to the negotiations for the digging of the well Summerville had sold the well-digging machinery to Kirk, but that after such sale Summerville continued to take jobs and work with the outfit as before the sale. Kirk and Summerville testified that in conversations prior to the digging of the well Thompson was informed of the sale to Kirk, and that Summerville was assisting Kirk and teaching him to run the rig. The conversations with reference to doing the work were with Summerville. Defendant thereupon offered in evidence under his counterclaim the promissory note of Summerville with proof of its execution, assignment to Thompson, and nonpayment. Appellant's assignments of error are based wholly upon the exclusion of this evidence.

Verdict for respondent for the amount due on the contract

for digging the well. The trial court instructed the jury as follows:

"There is no controversy between the parties in this case with reference to the amount for which your verdict should be in the event that it is in favor of the plaintiff. The controversy is only with reference to with whom the defendant, Mr. Thompson, made the contract, whether Mr. Summerville, as he contends, or Mr. Kirk, as the latter contends. So if you find from the evidence that the contract to do the well work involved herein was between Mr. Thompson, the defendant, and Mr. Summerville, who formerly owned the outfit, Mr. Kirk could not recover in this action, because Mr. Thompson's liability would be to Mr. Summerville, by whom he is not now being sued, but, on the other hand, if you find by a preponderance of the evidence that the contract, express or implied, was not with Mr. Summerville, but with Mr. Kirk, as he contends, or that Mr. Thompson was informed Mr. Kirk was the owner of the well-drilling outfit there the first day, and that he (Kirk) was the one who would collect for the work to be done, and that thereafter they went on and the work was done with that knowledge and understanding, Mr. Kirk would be entitled to recover in this case."

[1] It was plaintiff's theory and was stated by his counsel, in open court, that Summerville was acting as agent for Kirk, who was the principal in the transaction with Thompson. In his answer appellant alleged, first, that Summerville and not Kirk was in fact the principal, and, second, that Kirk was in fact the principal, and that appellant dealt with Summerville without knowing or having reason to believe that Summerville was acting as agent for Kirk, and that upon the latter theory the note was a valid counterclaim against Kirk, the undisclosed principal who was suing upon the contract. Civil Code, § 1691. Under the instruction given by the trial court, that plaintiff could not recover if the contract was in fact between Summerville and Thompson, the jury must have found that the contract was in fact between Kirk and Thompson. It is clear, however, under the evidence and the admission of plaintiff's counsel at the trial, and the jury must have found, that the contract was made by Summerville as agent of Kirk, and under section 1691, Civil Code, whether Thompson was entitled to counterclaim Summerville's note in an action on

the contract by Kirk, the principal, depended upon the question whether Thompson dealt with Summerville without knowing or having reason to believe that Summerville was acting as agent for Kirk in the transaction. Eldridge v. Finnegar, 25 Okl. 28, 105 Pac. 334, 28 L. R. A. (N. S.) 227, and note.

[2, 3] Upon this question of fact there was a direct conflict in the evidence which should have been submitted to the jury, and a refusal of such an instruction would have been prejudicial error. No request for an instruction was made by appellant, nor was any exception taken to the instructions given. Upon the issue which should thus have been submitted to the jury the evidence offered and rejected by the trial court would have been competent, and its rejection was prejudicial error which would require a reversal unless appellant's failure to request an instruction amounts to waiver of the error.

Error in failing to instruct the jury upon a particular issue is waived by failure to request additional instructions. Quinn v. C., M. & St. P. Ry. Co., 23 S. D. 126, 120 N. W. 884, 22 L. R. A. (N. S.) 789. But we are of the view that error in the rejection of competent evidence upon a material issue is not waived by the failure to request instructions submitting such issue to the jury, nor by failure to except to the instructions given.

The order overruling appellant's motion for a new trial is reversed.